UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

    Plaintiff,

v.

Romelle Monte Surratt,

    Defendant.

**MEMORANDUM OPINION
AND ORDER**
Criminal No. 97-268(1) ADM/JMM

_____

James E. Lackner, Esq., Assistant U.S. Attorney, Minneapolis, MN, on behalf of Plaintiff.

Romelle Monte Surratt, pro se.
_____

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Defendant Romelle Monte Surratt's ("Surratt") Motion for Return of Property [Docket No. 259], as well as his Motion to Proceed In Forma Pauperis [Docket No. 260] and his Motion for Appointment of Counsel [Docket No. 261]. For the reasons set forth below, Surratt's motions are denied.

## II. BACKGROUND

On August 20, 1997, Surratt was arrested and his apartment searched. See generally Mot. for Return of Property 2. Surratt was indicted later that year, and in December 1997, a jury found him guilty of conspiring to distribute, aiding and abetting, and possessing with intent to distribute crack cocaine, as well as being a felon in possession of a firearm. Id.; Superseding Indictment [Docket No. 70]; Verdict [Docket No. 103]. Surratt was sentenced to 324 months imprisonment on March 13, 1998. Sentencing [Docket No. 119]. Surratt appealed his sentence, the Eighth Circuit affirmed, and the United States Supreme Court denied Surratt's petition for a

writ of certiorari.  See United States v. Surratt, 172 F.3d 559 (8th Cir. 1999); Surratt v. United States, 528 U.S. 910 (1999).

On two separate occasions — May 1998 and August 1998 — Surratt moved this Court for the return of jewelry and $6,658.00 in currency.  [Docket Nos. 141, 154].  Both times the Court denied his motion because his appeal to the Eighth Circuit was still pending.  [Docket Nos. 153, 155].  The following year, Surratt filed a third motion for return of this property [Docket No. 159], and the Court granted the motion for the return of the jewelry and denied it as to the $6,658.00 in forfeited funds.  June 8, 1999 Order [Docket No. 164].

On May 31, 2001, Surratt filed still another motion for return of property, [Docket No. 207], and on August 2, 2001, the Court ordered that the Hennepin County Sheriff's Department return Surratt's two address books [Docket No. 209].  On April 16, 2012, Surratt filed the present motions, seeking the return of pictures, a driver's license, a Minnesota identification card temporary permit, a social security card, a birth certification, and a dark leather wallet.  Mot. for Return of Property 6.

### III.  DISCUSSION

Surratt seeks the return of his property under Federal Rule of Criminal Procedure 41, which allows an aggrieved party to move for the property's return in the district where the property was seized.  Fed. R. Crim. P. 41(g).  No statute of limitations explicitly governs Rule 41(g) motions, so the "six-year catch-all statute of limitations for civil actions against the federal government" has been applied to a Rule 41(g) motion made after the termination of criminal proceedings.  Bertin v. United States, 478 F.3d 489, 492–3 (2d Cir. 2007); see 28 U.S.C. § 2401(a) ("[E]very civil action commenced against the United States shall be barred unless the

2

complaint is filed within six years after the right of action first accrues."); see also DelCostello v. Int'l Bhd. of Teamsters, 462 U.S. 151, 158 (1983) (finding in a case with another statute lacking a time limit that "[w]e have generally concluded that Congress intended that the courts apply the most closely analogous statute of limitations . . . ."). While the Eighth Circuit has not yet ruled on whether Rule 41(g) is subject to a statute of limitations, every circuit court of appeals to consider the issue has determined it to be subject to a six-year statute of limitations, in accordance with 28 U.S.C. § 2401(a). See Santiago-Lugo v. United States, 538 F.3d 23, 24 (1st Cir. 2008); Bertin, 478 F.3d at 493; United States v. Minor, 228 F.3d 352, 359 (4th Cir. 2000); United States v. Wright, 361 F.3d 288, 290 (5th Cir. 2004); United States v. Sims, 376 F.3d 705, 708–09 (7th Cir. 2004); United States v. Ramirez, 444 F. App'x 114, at *1 (9th Cir. 2011); United States v. Rodriguez-Aguirre, 264 F.3d 1195, 1209–15 (10th Cir. 2008); United States v. Homrighausen, 327 F. App'x 124, 126 (11th Cir. 2008). The only district court in this Circuit to have addressed the statute of limitations has applied it as well. See Carter v. United States, No. 4:02CV01256, 2005 WL 4026112, at *2 (E.D. Mo. May 9, 2005).

A circuit split does exist, however, as to when the statute of limitations begins to run. Certain circuits have held that the six-year period "runs from the conclusion of the criminal . . . proceedings . . . .," Carter, 2005 WL 4026112, at *2 (citing Sims, 376 F.3d at 708–09), since that is the time when "the claimant knows that he has a present right to its return, and he shouldn't be permitted to postpone his request for its return indefinitely." Sims, 376 F.3d at 708; see also Mantilla v. United States, 302 F.3d 182, 186 (3d. Cir. 2002) (same); Santiago-Lugo, 538 F.3d at 24 (same). Others have found that the right of action accrues "'at the earlier of the following: when [a defendant] has become aware of that the government had declared the

3

property forfeited, or when an inquiry that he could reasonably have been expected to make would have made him aware of the forfeiture.'" Wright, 361 F.3d 288 (quoting Rodriguez-Aguirre, 264 F.3d at 1211); see also Minor, 228 F.3d at 359 (same).

Applying the six-year statute of limitations here, Surratt's current motion is untimely no matter when the right of action began accruing. Surratt was sentenced in March 1998, his sentence and conviction were affirmed by the Eighth Circuit in March 1999, and the United States Supreme Court denied his writ of certiorari on October 4, 1999. See Surratt v. United States, 528 U.S. 910. Even under the most favorable interpretation of accrual — calculating the running of the statute of limitations from the time Surratt's writ of certiorari was denied by the United States Supreme Court — his Rule 41(g) motion is over six years beyond the statute of limitations. Surratt's 41(g) motion is therefore denied as untimely.

## IV.  CONCLUSION

Based upon all the files, records and proceedings herein, IT IS HEREBY ORDERED that:

1. Defendant Romelle Monte Surratt's Motion for Return of Property [Docket No. 259] is **DENIED**; and

2. Defendant Surratt's Motion to Proceed In Forma Pauperis [Docket No. 260] and his Motion for Appointment of Counsel [Docket No. 261] are

4

**DENIED** as moot.

BY THE COURT:

s/Ann D. Montgomery<br>ANN D. MONTGOMERY<br>U.S. DISTRICT JUDGE

Dated: July 12, 2012.