UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

v.

        **ORDER**
        Criminal No. 97-268(1) ADM/JMM

Romelle Monte Surratt,

        Defendant.

_____

Andrew Dunne, Esq., United States Attorney's Office, Minneapolis, MN, on behalf of Plaintiff.

Romelle Monte Surratt, pro se.

_____

This matter is before the undersigned United States District Judge for a ruling on Romelle Monte Surratt's "Motion to Correct Clerical Error in Judgment and Commitment Pursuant to Rule 36 of Federal Rules of Criminal Procedure" [Docket No. 285]. For the reasons set forth below, Surratt's motion is denied.

**A. No Clerical Error**

Surratt's criminal action has an extensive procedural history, and the facts and procedural posture of his case will not be repeated here. See most recently United States v. Surratt, Crim. No. 97-268(1), 2013 U.S. Dist. LEXIS 112487 (D. Minn. Aug. 9, 2013). Surratt requests that the Court correct a clerical error in his Judgment and Commitment [Docket No. 120], entered March 17, 1998. He alleges that the Bureau of Prisons is denying him rights based on a clerical error in the Judgment. Surratt has not specifically identified the clerical error, but the Court has reviewed the Judgment and finds it was correct at the time it was issued. In addition, since the entry of the Judgment and Commitment, Surratt has received a sentence reduction pursuant to 18

U.S.C. § 3582(c)(2). His sentence was recalculated based on revised drug quantity tables for cocaine base that were made retroactive. Order, Dec. 30, 2008 [Docket No. 243]. Surratt appealed this Order to the United States Supreme Court, but the Court's determination was affirmed and further sentence reduction was denied.

**B. Related Motions**

Surratt also filed a Motion to Proceed In Forma Pauperis [Docket No. 287] and a Motion for Appointment of Counsel [Docket No. 286]. It is well established that "the right to appointed counsel only extends to the first appeal of right, and no further." Pennsylvania v. Finely, 481 U.S. 551, 555 (1987). Because the underlying motion is without merit, Surratt's motions to proceed in forma pauperis and to appoint counsel are moot. See Kruger v. Erickson, 77 F.3d 1071, 1074 n.3 (8th Cir. 1996) (directing judges to deny motion to proceed in forma pauperis when underlying petition is frivolous).

**C. Government's Response Not Required**

Because Surratt's concerns raised by this motion are very similar to his many previous post-conviction motions and are very familiar to the Court, a response from the Government will not be required.

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED:**

1. Defendant's "Motion to Correct Clerical Error in Judgment and Commitment Pursuant to Rule 36 of Federal Rules of Criminal Procedure" [Docket No. 285] is **DENIED**;

2. Defendant's Motion to Proceed In Forma Pauperis [Docket No. 287] is **DENIED**; and,

3. Defendant's Motion to Appoint Counsel [Docket No. 286] is **DENIED**.

                              BY THE COURT:


                                s/Ann D. Montgomery
                              ANN D. MONTGOMERY
                              U.S. DISTRICT JUDGE

Dated: August 26, 2013.